JOHN B. COLLINS, PLAINTIFF IN ERROR, v. WILLIAM J. WHITESIDE, DEFENDANT IN ERROR.

Argued December 6, 1907—Decided March 2, 1908.

1. In determining what judgment may be properly entered upon a special verdict, nothing can be looked at by the court except the pleadings and the *postea.*
2. In dealing with a special verdict, the court draws conclusions of law from facts found, but does not draw conclusions of fact from evidence. The material facts relied on must be expressly found.

On error to the Hudson County Circuit Court.

For the plaintiff in error, *Warren Dixon.*

For the defendant in error, *Edward Kenny.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an action upon contract brought in the Hudson County Circuit Court.

Reduced to narrative form the essential allegations of the declaration are that in 1893 the defendant, Whiteside, was the owner of a race horse and made an agreement with the plaintiff, Collins, that the plaintiff should enter the horse in races in which he was eligible to be run at certain specified race tracks during the racing season of 1893, and should pay for the benefit of the defendant all entrance fees and forfeits charged by the racing associations for such entering, the defendant agreeing to repay the plaintiff; that the plaintiff accordingly paid certain moneys and the defendant did not repay the same.

The defendant pleaded—*first,* the general issue; *secondly,* that "the alleged agreement sued on was in contravention of and in violation of the statute;" *thirdly,* the statute of limitations.

At the trial certain questions in writing were submitted by the judge to the jury and were answered favorably to the contention of the plaintiff as to the matters of fact which they concerned.

So far as the *postea* discloses, no general verdict was rendered for either party.

The main object of special questions submitted by a trial judge to a jury has been variously stated as being to bring out the various facts separately in order to enable the court to apply the law correctly, and to guard against any misapplication of the law by the jury; to obtain an explanation of the general verdict; to test the correctness of the general verdict; to correct wrong inferences from the facts which the jury finds to exist; to confine juries within their proper

sphere, and to enable a party more effectually to secure a review of findings of fact. See 20 *Encycl. Pl. & Pr.* 299, and cases there collected.

A special finding of facts in response to interrogatories is essentially different from a special verdict, though it partakes somewhat of the same nature. A special finding is a response to a single inquiry directed to a particular fact necessary to the finding of a general verdict, while a special verdict is a finding of all the facts proved or admitted at the trial. The office of a special finding is that if, under the law, the particular facts are inconsistent with the general verdict, the former shall control the latter. Accordingly, special findings must always be coupled with a general verdict. See 20 *Encycl. Pl. & Pr.* 300, and cases there cited.

Obviously, there being no general verdict, the present case could not be treated as one of special finding.

The learned trial judge treated it as a special verdict and ordered judgment for the defendant on the theory that the contract was one prohibited by section 1 of the act to prevent gaming. *Gen. Stat., p.* 1606.

The plaintiff's writ of error brings up for review the propriety of that judgment.

Upon an inspection of the circuit record, it may well be doubted whether the verdict in question is in the form of a special verdict. But since both parties have, without question, so considered it, it will be so treated. *Behring* v. *Somerville,* 34 *Vroom* 568.

Considered as such, it furnishes no support for the judgment.

In determining what judgment may be properly entered upon a special verdict, nothing can be looked at by the court except the pleadings and the *postea. Seabright* v. *Central Railroad Co.,* 43 *Vroom* 8; 2 *Arch. Pr.* 215; 2 *Tidd* 598.

It has been held in this court that in dealing with a special verdict, the court draws conclusions of law from facts found, but does not draw conclusions of fact from evidence. The material facts relied on must be expressly found. *Behring* v.

*Somerville, supra.* See, also, *Bouvier* v. *Baltimore and New York Railroad Co.,* 36 *Vroom* 313.

An examination of the pleadings and circuit record discloses that the only material facts found by the jury were— *first,* that "the defendant authorized the plaintiff to enter the horse 'Elberon' in any scheduled races in which the horse was eligible and in which the plaintiff thought the horse had a chance to win a stake;" *second,* that "the defendant authorized the plaintiff to advance entry fees or forfeit fees for the account of the defendant," and *third,* that "such fees were paid by the plaintiff."

Section 1 of the act to prevent gaming (*Gen. Stat., p.* 1606), which, in the view of the trial judge, required a judgment for the defendant, provides "that all wagers, bets or stakes made to depend upon any race or game, or upon any gaming by lot or chance, or upon any lot, chance, casualty or unknown or contingent event, shall be unlawful."

But it will be noticed that the special verdict does not show either of the material facts that a wager or bet was made upon a race, or that the horse ran for a stake depending on the event of the race. The fact that the plaintiff was authorized "to enter the horse in any scheduled races in which the plaintiff thought he had a chance to win a stake" does not show that the stake depended on the event of the race or even that there was a stake to be won. The fact that the moneys paid by the plaintiff were "entry fees or forfeit fees" is not alone sufficient to bring him within the condemnation of section 55 of the Crimes act then in force (*Gen. Stat., p.* 1060), for by the proviso of that section it does not apply to fairs or exhibitions of any agricultural or other incorporated society, nor of section 224 of the same act (*Gen. Stat., p.* 1090), because that section relates only to contributions to make up a purse. It will be observed that the material facts that the entry or forfeit fees went to make up the stake, and that the races were not at a fair or exhibition of an agricultural or other incorporated society, do not appear in the special verdict.

Doubtless closer analysis would disclose that other essen-

tials of the defendant's case are wanting in the facts found. But it is sufficient to say that some of the material facts are not found.

The defendant is not entitled to judgment on the special verdict, nor should judgment be given for the plaintiff. In such cases the proper practice is to award a *venire de novo: Bouvier* v. *Baltimore and New York Railroad Co., supra.*

Accordingly, the judment below must be reversed and· a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J. 12.